## COLEMAN v. COLEMAN. (No. 7400.)

Court of Civil Appeals of Texas. Austin. Dec. 4, 1929.

Rehearing Denied Jan. 8, 1930.

Chas. Ashworth, of Kaufman, for appellant.

E. B. Coopwood, of Lockhart, for appellee.

BAUGH, J. Appeal is from the judgment of the trial court sustaining a general demurrer to the plaintiff's petition seeking divorce from his wife.

The substance of the plaintiff's allegations is that they were married in 1924; that after a month's visit to her mother at Luling in June, 1927, the defendant returned to him at their home in Mabank, Tex., "and stayed home for about four days, and that during said four days defendant told plaintiff that she did not love him and did not intend to live with him any more, that she never did love him, that when she married him she did not love him, and that she could not be happy with him;" that, in response to his pleas that she live with him, she promised to do so, but returned to her mother for another visit, and after about two weeks wrote the plaintiff that she did not love him and would not return to him; that the defendant "by her acts and conduct as herein alleged has shown the plaintiff that she does not care for him and has thereby wounded his pride, broken his heart, causing him mental suffering and humiliation, all of which has rendered their further living together as husband and wife insupportable."

The pleadings disclose no other or further allegations of cruel treatment of any kind. These pleadings, in the light of the grounds enumerated in article 4629, Rev. St. 1925, authorizing divorce, fail to state a cause of action. At most the statements to him that she did not love him appear to be merely her reasons for abandonment, but abandonment for three years is not asserted. No studied course of conduct, specific acts of cruelty, nor violence of any kind are alleged; nor is any impairment or threatened impairment of the plaintiff's health set forth in his petition. The fact that she did not love him and that she left him for that reason does not constitute cruel treatment within the meaning of the statute. The judgment of the trial court is affirmed.